UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CECIL SHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLOSSOM HILL INVESTMENT CO., a California limited partnership; MEIZHEN WANG dba TEA GARDEN CHINESE KITCHEN; WALGREEN CO., an Illinois corporation, dba WALGREENS #2786;<br><br>　　　　Defendants. | Case No. 5:15-cv-00144-HRL<br><br>**ORDER CONDITIONALLY GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD; DENYING AS MOOT REQUEST FOR ORDER SHORTENING TIME**<br><br>Re: Dkt. Nos. 29, 32 |

Now before the court is attorney Cris C. Vaughan's motion for permission to withdraw as counsel of record for defendant Meizhen Wang dba Tea Garden Chinese Kitchen. Vaughan avers that the motion papers were served on Mr. Wang by mail at his last known address. (Dkt. 30, Vaughan Decl. ¶ 13). The court has received no opposition to the motion, and the time for submitting any opposition or response has passed. Civ. L.R. 7-3(a). The matter is deemed suitable for determination without oral argument, and the December 22, 2015 hearing is vacated.[1] Civ. L.R. 7-1(b). Having considered the moving papers, the court conditionally grants the motion

---

[1] The parties' joint request for an order shortening time is denied as moot.

as follows:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to withdraw if, among other things, the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively or if the client breaches an agreement or obligation with respect to the payment of fees. Id. (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d),(f)).

Vaughan attests that, despite his repeated efforts to communicate with Wang, Wang has stopped communicating directly with him and has taken a position contrary to Vaughan's recommendations and advice. (Dkt. 30, Vaughan Decl. ¶ 3). Accordingly, the court grants the motion to withdraw, subject to the condition that papers may continue to be served on Vaughan, solely for forwarding purposes, unless and until Wang appears by other counsel or pro se. Civ. L.R. 11-5(b).

SO ORDERED.

Dated:   December 8, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

2

5:15-cv-00144-HRL Notice has been electronically mailed to:

Christopher Onstott    constott@kmtg.com, ehamman@kmtg.com

Cris Campbell Vaughan    ccvaughan@sbcglobal.net, smangeli@sbcglobal.net

Rex Darrell Berry    rberry@kmtg.com, krockenstein@kmtg.com, lchenknapp@kmtg.com, Sdahlke@kmtg.com

Tanya Eugene Moore    tanya@moorelawfirm.com, david@moorelawfirm.com, isaac@moorelawfirm.com, marejka@moorelawfirm.com, marsha@moorelawfirm.com, whitney@moorelawfirm.com